UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. GRAHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>　　　　Defendants. | Case No. 2:19-cv-02429-TLN-JDP (PS)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AND<br><br>DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT<br><br>ECF Nos. 10, 14 |

　　On December 4, 2019, Mark Graham ("plaintiff") filed a complaint against the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "defendants"). *See* ECF No. 1 at 1. The complaint is based on plaintiff's 2011 Freedom of Information Act ("FOIA") request, which sought to obtain a range of statements of ICE's policies and procedures. *See id.* at 6-11. On April 6, 2020, defendants moved to dismiss the complaint based on the statute of limitations. ECF No. 10 at 1; ECF No. 10-1 at 2-5.

　　On May 20, 2020, plaintiff moved for leave to file an amended complaint.[1] ECF No. 14 at

---

[1] Plaintiff's motion sought leave to *supplement*, rather than amend, his complaint. ECF No. 14 at 1-2. However, a complaint must be complete on its face, without reference to any earlier complaint. E.D. Cal. L.R. 220. Therefore, it would not be appropriate for plaintiff to supplement his initial complaint, insofar as the supplement would rely on references to the prior complaint. An amended complaint, in contrast, supersedes any earlier complaint, and once an amended complaint has been filed, the earlier complaint serves no function in the case. *See*

1

1-2. Plaintiff seeks to add claims associated with a subsequent FOIA request—for substantially the same materials addressed in his 2011 request—which he submitted after he had filed his 2019 complaint. *See id.* at 2. Plaintiff may properly amend his complaint to address a "transaction, occurrence, or event that happened after the date" of his initial complaint. Fed. R. Civ. P. 15(d); *see also William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 668 F.2d 1014, 1057 (9th Cir. 1982) ("The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed.").

Since plaintiff filed his motion after being served with defendant's responsive pleading, plaintiff "may amend [his] pleading only with the opposing party's written consent or the court's leave[; t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave, courts consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Generally, courts grant motions for leave with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants argue that plaintiff's motion for leave should be denied for two reasons. First, they argue that amendment would be futile because plaintiff did not exhaust his administrative remedies for his more recent FOIA request. *See* ECF No. 17 at 3-4. Plaintiff filed his motion for leave to amend on May 20, 2020, ECF No. 14, and ICE had until June 25, 2020, to issue a decision, taking into account the agency's request for clarifying information, *see* ECF No. 17 at 4. ICE did not issue a decision by June 25, 2020, however, triggering constructive exhaustion. *See* ECF No. 23. Defendants' exhaustion-based futility argument therefore fails; it appears that plaintiff's administrative remedies will qualify as exhausted if he files an amended complaint. *See Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 60-61 (D.C. Cir. 1987), *overruled on other grounds by Jackson v. Modly*, 949 F.3d 763, 765 (D.C. Cir. 2020); *Aftergood v. C.I.A.*, 225 F.

---

*Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997). I construe plaintiff's motion to be a request for leave to amend. Plaintiff may raise all his claims in a single, amended complaint.

2

1  Supp. 2d 27, 31 (D.D.C. 2002). Plaintiff's amended complaint must state the basis for subject-
2  matter jurisdiction and should address administrative exhaustion.
3        Second, defendants argue that they would be prejudiced if amendment were permitted,
4  since plaintiff's claim would unfairly take priority over other, backlogged FOIA requests. *See*
5  ECF No. 17 at 4. Defendants bear the burden of establishing prejudice. *DCD Programs, Ltd. v.*
6  *Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Defendants' argument relies in large part on harm
7  that could befall other FOIA requesters, as opposed to prejudice to the agency itself as an
8  "opposing party." *See Nunes*, 375 F.3d at 808; *but see Sierra Club v. U.S. Dep't of Interior*, No.
9  18-cv-00797-JSC, 2019 WL 1995763, at *2 (N.D. Cal. May 6, 2019) (denying leave to amend
10 complaint to add subsequent FOIA claim because "granting leave to amend would prejudice other
11 FOIA litigants given the [agency's] backlog of FOIA requests and its processing of such requests
12 on a first-come, first-serve basis"). While there may be an administrative burden created by
13 defendants' backlog of FOIA requests, that does not render amendment inappropriate in this case.
14 Plaintiff did not act in bad faith, he has not previously amended his complaint, his claims do not
15 appear futile, and there is no indication that undue delay would result from the amended
16 complaint. *See Nunes*, 375 F.3d at 808. Therefore, I will grant plaintiff's motion for leave to file
17 an amended complaint.[2]
18       Since plaintiff's amended complaint will supersede his initial complaint and render it
19 without legal effect, the pending motion to dismiss, ECF No. 10, will be denied as moot.[3] *See*
20 *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).

---

[2] Plaintiff's amended complaint must be complete in and of itself. E.D. Cal. L.R. 220. Therefore, plaintiff should not reference his initial complaint and must include all relevant claims in the amended complaint.

[3] Although I need not and do not reach the merits of the motion to dismiss, defendants' argument does not appear persuasive. Defendants ask the court to dismiss plaintiff's claims as time-barred, considering the six-year statute of limitations. ECF No. 10-1 at 2-5, 28 U.S.C. § 2401(a). Defendants take the position that plaintiff's remedies were exhausted—and therefore that his claims accrued, starting the statute of limitations clock—twenty days after plaintiff filed his administrative appeal, when the time period allowed for ICE's response had lapsed. By that time, however, the agency had indicated that it would remand the matter for further review. *See* ECF No. 16 at 2; ECF No. 1 at 58. As such, the agency's decision-making process appears to have been in mid-stride, with plaintiff's remedies accordingly unexhausted. *See Mosby v. Hunt*, No. CIV.A.09-1917(JDB), 2010 WL 1783536, at *3 (D.D.C. May 5, 2010); *see also Coleman v.*

**ORDER**

For the reasons stated in this opinion, the court hereby orders that:

1. plaintiff's motion for leave to file an amended complaint, ECF No. 14, be granted;
2. within 30 days from the date of this order, plaintiff shall file his first amended complaint;
3. defendants' motion to dismiss, ECF No. 10, be denied as moot; and
4. defendants shall file a response to plaintiff's first amended complaint within the time prescribed by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   March 30, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

*Drug Enf't Admin.*, 714 F.3d 816, 821-25 (4th Cir. 2013) (recognizing that remands are proper, but not final responses to an administrative appeal, though they may not extend the agency's time limits indefinitely).  Plaintiff appears to have exhausted his remedies on December 4, 2013, and his complaint, filed six year later to the day, does not appear to be time-barred.

4