UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. GRAHAM,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>  Defendants. | Case No. 2:19-cv-02429-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>ECF No. 27<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff, proceeding without counsel on his first amended complaint, alleges that defendants have violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), by failing to provide certain information in response to two information requests. ECF No. 26. Defendants move to dismiss the earlier of plaintiff's two claims as time-barred. ECF No. 27. Citing 5 U.S.C. § 552(a), defendants argue that this claim accrued, and the six-year statute of limitations clock began to run, on May 17, 2013, twenty business days after U.S. Immigration and Customs Enforcement ("ICE") received plaintiff's appeal. Notably, one day before this supposed claim-accrual date, ICE had remanded plaintiff's appeal to its FOIA office. Considering this, plaintiff argues that his claim did not accrue until December 4, 2013, when ICE sent him a letter explaining that the agency would not be providing additional documents and stating, "[t]his decision is the final action of the Department of Homeland Security concerning your FOIA/PA

request." *Id.* at 151. Plaintiff filed this lawsuit exactly six years later, on December 4, 2019. While other courts have considered whether a claim accrues when a FOIA decision is timely remanded, this case presents the issue with a twist: Instead of determining whether plaintiff must await the conclusion of the remand process before filing suit, here the court must decide whether remand delayed the start of the statute of limitations clock.

**Statement of Facts**

In 2011, plaintiff requested a variety of ICE records, including agency training manuals and other records pertaining to home searches. ECF No. 26 at 28. The agency provided some, but not all, of the requested records on February 21, 2013. *Id.* Plaintiff then timely filed his first appeal, in two parts, on April 17 and 22, 2013. *Id.* at 33. On May 16, 2013, 19 business days after receiving the first part of plaintiff's first appeal, defendants remanded the appeal to the ICE FOIA office for further review and reprocessing. *Id.* at 121-22. ICE provided a response—again, a partial denial—on October 21, 2013. ECF No. 26 at 125. Plaintiff timely filed a second appeal. *Id.* at 128-40, 141-49. Defendants timely denied that appeal in a letter dated December 4, 2013, which the agency termed its "final action," and which provided plaintiff information on how to seek judicial review. *Id.* at 150-52.

**Legal Standard**

Although defendants argue that 28 U.S.C. § 2401(a)'s six-year statute of limitations is jurisdictional, they hedge their bets, bringing this motion under both Rule 12(b)(1), for lack of jurisdiction, and Rule 12(b)(6), for failure to state a claim. *See* 28 U.S.C. § 2401(a) (six-year statute of limitations); *Zaldivar v. U.S. Dep't of Veterans Affairs*, 695 F. App'x 319, 320 (9th Cir. 2017) (applying § 2401(a) to a FOIA-based claim). This is understandable, since the question of whether § 2401(a) is jurisdictional is somewhat unsettled.

The potential ambiguity stems from a 1995 decision by the Ninth Circuit that adopted the D.C. Circuit's then-held view of 28 U.S.C. § 2401(a) as jurisdictional. *See Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995); *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987). Although the Ninth Circuit has not explicitly overruled *Nesovic*, subsequent developments call its status into question. First, in 2013, the Ninth Circuit held that 28 U.S.C.

2

1  § 2401(b)—a parallel provision—was not jurisdictional, noting that statutes of limitations are
2  presumed not to be jurisdictional and that § 2401(b) does not expressly state otherwise. *Kwai*
3  *Fun Wong v. Beebe*, 732 F.3d 1030, 1051 (9th Cir. 2013). The Supreme Court affirmed, *United*
4  *States v. Kwai Fun Wong*, 575 U.S. 402 (2015), and the D.C. Circuit subsequently found the
5  Supreme Court decision to have overruled *Spannaus*, *Jackson v. Modly*, 949 F.3d 763, 776 (D.C.
6  Cir. 2020). Indeed, the logic of *Kwai Fun Wong* would seem to apply to § 2401(a), which, like
7  § 2401(b), says nothing about whether it is jurisdictional. In an unpublished decision, at least one
8  panel of the Ninth Circuit seems to have agreed, affirming a § 2401(a)-based dismissal that relied
9  on Rule 12(b)(6). *Zaldivar v. U.S. VA*, 695 F. App'x 319 (9th Cir. 2017) (affirming *Zaldivar v.*
10 *U.S. VA*, No. CV 14-01493-PHX-DGC (DMF), 2015 U.S. Dist. LEXIS 145501, at *23 (D. Ariz.
11 Oct. 27, 2015)).

12       Like the D.C. Circuit, I conclude that the Supreme Court's decision in *Kwai Fun Wong*
13 compels this court to treat § 2401(a) as non-jurisdictional, and thus I determine that Rule 12(b)(6)
14 applies to statute-of-limitations-based motions to dismiss under § 2401(a). I note, however, that
15 the outcome of this case would be the same under Rule 12(b)(1); although the choice between
16 Rules 12(b)(1) and 12(b)(6) determines placement of the burden of proof, here, where the
17 relevant facts are undisputed (and are part of the complaint), it makes little difference whether the
18 burden lies with plaintiff under 12(b)(1) or defendants under 12(b)(6). *Cf. Ass'n of Am. Med.*
19 *Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000); *Pearl River Union Free Sch. Dist. v.*
20 *King*, 214 F. Supp. 3d 241, 251 (S.D.N.Y. 2016) ("Plaintiff bears the burden under Rule 12(b)(1),
21 but . . . Defendants bear the burden under Rule 12(b)(6).").

22       **Discussion**

23       This case turns on when plaintiff's claim accrued, starting the clock on the statute of
24 limitations. A FOIA claim accrues—that is, a plaintiff may file suit—when his or her underlying
25 records request is administratively exhausted. *See In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986).
26 Administrative remedies generally are exhausted when the relevant agency issues a final decision,
27 prior to which FOIA's process requires the plaintiff to seek recourse from the agency and to
28 timely appeal any adverse decision. 5 U.S.C. § 552(a)(6)(A); *see also Goldstein v. IRS*, 174 F.

3

1  Supp. 3d 38, 45 (D.D.C. 2016) (explaining that plaintiffs are obligated to follow the agency's
2  administrative scheme before bringing suit, and that failure to do so will bar judicial review). If a
3  final determination is made on appeal within the standard, 20-day deadline—or, if the agency has
4  appropriately extended that deadline, within the extended timeframe—plaintiff may seek judicial
5  review as soon as that determination is received. 5 U.S.C. § 552(a)(6)(A).

6  But if a final determination is not made by the relevant deadline, there are alternative
7  pathways to exhaustion. FOIA allows for constructive exhaustion under certain circumstances,
8  such as when the agency does not respond to an administrative appeal within 20 business days.
9  *See* 5 U.S.C. §§ 552(a)(6)(A)(ii), (C)(i).[1] The situation before this court—in which an agency
10 remanded an appeal before the end of the 20-day response period—is not specifically addressed
11 in the statute or in DHS FOIA regulations.[2]

12 Defendants argue, in essence, that we should ignore ICE's remand and find that
13 constructive exhaustion occurred 20 business days after the administrative appeal was filed. In
14 support, they point to a D.C. Circuit decision, *Reep v. U.S. Dep't of Just.*, wherein constructive
15 exhaustion was found to have occurred after an agency took no action within the relevant, 20-day
16 deadline—but where the agency eventually remanded after that deadline had passed and after

---

[1] The Fourth Circuit has noted that plaintiffs are not obligated to wait forever on an agency's remand but may file suit if the agency fails to act within a reasonable time on remand. *Coleman v. Drug Enf't Admin.*, 714 F.3d 816, 821-25 (4th Cir. 2013) (recognizing that remands are proper, but not final, responses to an administrative appeal; but that they may not extend the agency's time limits indefinitely); *see also Nat'l Day Laborer Org. Network v. U.S. Immigr. & Customs Enf't*, 236 F. Supp. 3d 810, 815 (S.D.N.Y. 2017) ("[I]n order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.").

[2] The Department of Homeland Security ("DHS") FOIA regulations identify categories of responses to FOIA requests. 6 C.F.R. § 5.6. DHS FOIA regulations are silent as to remand procedures, but remands are regularly utilized by ICE. *See, e.g.*, *Knight First Amendment Inst. at Columbia Univ. v. U.S. Dep't of Homeland Sec.*, 407 F. Supp. 3d 311, 320-21 (S.D.N.Y. 2019); *Brennan Ctr. for Justice v. Dep't of Homeland Sec.*, Civil Action No. 16-1609 (ABJ), 2019 U.S. Dist. LEXIS 9710, at *3-4 (D.D.C. Jan. 22, 2019) (remanding a matter three times); *Anguiano v. U.S. Immigr. & Customs Enf't*, No. 18-cv-01782-JSC, 2018 U.S. Dist. LEXIS 193479, at *5-6 (N.D. Cal. Nov. 13, 2018); *Long v. U.S. Immigr. & Customs Enf't*, No. 5:17-cv-00506 (BKS/TWD), 2018 U.S. Dist. LEXIS 166170, at *24 (N.D.N.Y. Sep. 27, 2018); *Nat'l Immigrant Just. Ctr. v. U.S. Dep't of Homeland Sec.*, No. 12 C 5358, 2015 U.S. Dist. LEXIS 11520, at *5-7 (N.D. Ill. Feb. 2, 2015). The parties have not addressed the impact, if any, of existing formal or informal procedures on this case.

constructive exhaustion had occurred. 302 F. Supp. 3d 174, 181 (D.D.C. 2018), *aff'd*, 2018 WL 6721099 (D.C. Cir. Dec. 18, 2018), *cert. denied sub nom. Reep v. Dep't of Just.*, 139 S. Ct. 2674 (2019); *see* ECF No. 27-1 at 8; ECF No. 30 at 3. But *Reep*, involving an *untimely* remand, is inapposite.[3]

I cannot agree that the statute compels either the agency or this court to ignore a timely remand. A remand of a live information request forestalls constructive exhaustion by establishing that the agency's decisional process is ongoing. Defendants' reading would require FOIA requestors to jump the gun and file suit in federal court while the agency's consideration of an appeal is ongoing—even though the agency might grant the information request without court involvement. Such a result would undercut the basic rationale of the exhaustion requirement: preventing premature judicial interference with agency decision-making. *Cf. Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) ("Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."); *see also Hull v. IRS*, 656 F.3d 1174, 1179 (10th Cir. 2011) ("Generally, a plaintiff must exhaust her administrative remedies under FOIA before filing suit in federal court 'so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision.'") (quoting *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004)); *accord Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *McDonnell v. United States*, 4 F.3d 1227, 1241 (3d Cir. 1993). It would also waste court resources. I share the view of courts that have barred plaintiffs from bringing suit while remand is pending: constructive exhaustion—and

---

[3] In *Reep*, the requester's first appeal was received by the Federal Bureau of Investigations ("FBI") on June 19, 2019. *See* 1:16-cv-01275-RCL, Doc. No. 12-7, Hardy Decl. at ¶ 8. On September 27, 2019, well over twenty days after receiving the appeal, the FBI issued its decision to remand his request. *Id.* at ¶ 9. Ultimately, the requester filed a second appeal following the remand. *Reep*, 302 F. Supp. 3d at 181. Despite the remand and second appeal, the district court concluded that the requester had "constructively exhausted his administrative remedies twenty days after his first appeal because at that point he could have brought suit." *Id.* The D.C. Circuit affirmed. *Reep*, 2018 WL 6721099, at *1.

therefore claim accrual—does not result from a timely remand.[4] *See Mosby v. Hunt*, Civil Action No. 09-1917 (JDB), 2010 U.S. Dist. LEXIS 44013, at *9 (D.D.C. May 5, 2010) ("Because OIP has remanded this request to BOP for an additional search and a final determination that has yet to be rendered, . . . the Court will enter judgment for defendant on this claim without prejudice to plaintiff's filing either a new civil action or a motion to reopen this action after he has exhausted his administrative remedies."); *see also Coleman*, 714 F.3d at 821-25 (recognizing that agencies have the power to remand administrative appeals even though FOIA does not explicitly authorize such remand).

I find both that plaintiff was required to exhaust his remedies and that the timely remand at issue here prevented constructive exhaustion. Plaintiff's remedies were exhausted when the agency's decisional process had run its course, which occurred on December 4, 2013, when he received ICE's final decision—identified as such by the agency—on appeal.

**Conclusion**

I recommend that defendants' partial motion to dismiss, ECF No. 27, be denied. I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. The parties may, within 14 days of the service of the findings and recommendations, file written objections with the court. Such objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

---

[4] This district has previously suggested that the twenty-day deadline requires only an appropriate agency response, not a dispositive determination. "FOIA claims accrue as soon as administrative remedies are exhausted—either actually exhausted by a *final denial* of the request, or constructively exhausted by expiration of a time limit FOIA imposes on an *agency response*." *Tribe v. Bureau of Land Mgmt.*, No. 2:04-CV-0956-JAM-JFM, 2013 WL 12057469, at *11 (E.D. Cal. July 30, 2013) (emphasis added), *rev'd sub nom. on other grounds, Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147 (9th Cir. 2015).

IT IS SO ORDERED.

Dated: __February 17, 2022__  

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE