UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. GRAHAM,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>  Defendants. | Case No. 2:19-cv-02429-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding without counsel on his first amended complaint, alleges that defendants have violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), by failing to provide certain information in response to two requests. ECF No. 26. Defendants have filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative for summary judgment, arguing that plaintiff's claims were rendered moot by their production of responsive records. ECF No. 45. Plaintiff has filed an opposition and cross motion for summary judgment, arguing that defendants have not shown that they have produced all responsive records, and asking that defendants produce a *Vaughn* index. ECF Nos. 50, 51, & 52. I find that the parties' motions are insufficient to enable a resolution on the merits. I recommend that both motions be denied without prejudice and that defendants be ordered to produce a *Vaughn* index.

1

**Background**

The parties agree on the relevant history of plaintiff's FOIA requests. In September 2011, plaintiff submitted a FOIA request to the FOIA office of defendant U.S. Immigration and Customs Enforcement ("ICE"), a division of defendant U.S. Department of Homeland Security. ECF No. 45-3 at 3; ECF No. 26 at 26. The request sought "[d]ocuments that describe ICE's policies and procedures (including training manuals, rules, guidelines, court rulings, administrative rulings, etc.) for conducting searches . . . [and] investigations," and provided a list of more specific requests. ECF No. 45-3 at 3-4 (declaration of ICE FOIA Director Fernando Pineiro). ICE responded by providing 50 pages of responsive documents in early 2013 and, after plaintiff filed an administrative appeal, by producing an additional 293 pages of responsive documents, of which the agency withheld 82 pages and provided 211 pages. *Id.* at 4-5. In December 2013, ICE denied plaintiff's subsequent appeal and informed him that its response to his FOIA request was complete. *Id.* at 5. In 2019, plaintiff brought this suit on the grounds that ICE had failed to provide all responsive records, and that ICE had not adequately justified its failure to disclose any training manuals. *See* ECF No. 1.

On April 23, 2020, plaintiff emailed a second FOIA request to ICE that requested substantially the same documents as the first, except that it exempted documents that had already been provided and requested responsive documents through the present date. ECF No. 26 at 23-27; ECF No. 45-4 at 4; *see also* ECF No. 45-3 at 5-6. On April 29, 2021, plaintiff amended the complaint to include a claim stemming from defendants' failure to timely respond to the second request. *See* ECF No. 26. In particular, he alleges that, "[w]ith respect to both record requests," defendants "failed to conduct a proper search for the responsive records," and a "proper search would have uncovered ICE's ['current'] training manuals and field manuals." *Id.* at 54-55. He alleges, *inter alia*, that defendants' "application of Exemption 7E is wholly conclusory and lacks any evidentiary basis . . . [because d]efendants failed to identify the 'techniques and procedures for law enforcement investigations of prosecutions' allegedly contained in the training manual(s) and other responsive documents." *Id.* at 57.

After plaintiff filed his first amended complaint, ICE began to provide plaintiff with

documents responsive to the 2020 request. According to ICE FOIA director Piniero, "[b]etween June 2021 and April 29, 2022, ICE reviewed approximately 4,730 documents and produced approximately 1,337 documents subject to FOIA Exemptions (b)(5), (b)(6), (b)(7)(C), and (b)7(E)." ECF No. 45-3 at 14. Pineiro attests that the "ICE FOIA Office determined that the Office of Homeland Security Investigations (HSI), The Office of Principal Legal Advisor (OPLA), and the ICE Office of Regulatory Affairs and Policy[(ORAP)] were the program offices likely to have responsive records," and that the ICE FOIA Office accordingly instructed each office to conduct comprehensive searches for all potentially responsive records. *Id.* at 8-9. He further states that representatives of each office conducted searches of their own computers and various shared drives using relevant search terms, which are identified in Pineiro's declaration, and sent all potentially responsive records to the ICE FOIA Office for review and processing. *Id.* at 10-15.

Piniero attests that "a line-by-line review was conducted to identify information exempt from disclosure"—in particular, "for FOIA Exemption (b)(7)(E), which protects from release information that would disclose law enforcement techniques or procedures, the disclosure of which could reasonably be expected to risk circumvention of the law"—and that "[w]ith respect to the records that were released, all information not exempted from disclosure pursuant to the FOIA exemptions specified above was correctly segregated and nonexempt portions were released." *Id.* at 14-15. "Among the documents produced to Plaintiff are handbooks, manuals, and training materials, such as PowerPoint presentations, relating to Fourth Amendment searches and seizures, as well as documents relating to ICE's policies and procedures for conducting investigations." *Id.* at 14.

Defendants now move to dismiss for lack of subject matter jurisdiction, or in the alternative for summary judgment, arguing that their production of responsive documents moots plaintiff's claims. ECF No. 45-1. Plaintiff opposes defendants' motion and argues that defendants have not met their burden of showing that they produced all responsive and non-exempt documents. ECF Nos. 51 & 52. Plaintiff has also filed a cross-motion for summary judgment in which he reiterates his opposition to defendants' motion and requests both a *Vaughn*

1  index and an award of costs and fees.  ECF No. 50-1 at 14 (citing *Vaughn v. Rosen*, 484 F.2d 820

2  (D.C. Cir. 1973)).

3  **Legal Standards**

4  Summary judgment is appropriate when "the pleadings, depositions, answers to

5  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

6  genuine issue as to any material fact and that the moving party is entitled to a judgment as a

7  matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that "might affect the outcome of the

8  suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "A

9  party seeking summary judgment always bears the initial responsibility of informing the district

10  court of the basis for its motion" and identifying the portions of the pleadings and discovery

11  responses that demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*

12  *Catrett*, 477 U.S. 317, 323 (1986).  To satisfy this burden, the movant must demonstrate that no

13  genuine issue of material fact exists for trial.  *Id.* at 322.

14  "FOIA cases are typically decided on motions for summary judgment." *Our Children's*

15  *Earth Found. v. Nat'l Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1081 (N.D. Cal. 2015) (citing

16  *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2011) *as amended* (Jan. 18,

17  2012), *overruled on other grounds in Animal Legal Def. Fund v. FDA* (*ALDF*), 836 F.3d 987, 990

18  (9th Cir. 2016)).  "Unlike the review of other agency action that must be upheld if supported by

19  substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the

20  agency to sustain its action' and directs the district courts to 'determine the matter de novo.'"

21  *U.S. Dept. of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989) (quoting

22  § 552(a)(4)(B)).  More specifically, an agency bears the burden of proving the adequacy of its

23  search and that it may withhold documents under one of the exemptions.  5 U.S.C. § 552

24  (a)(4)(B); *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  An agency can satisfy its burden

25  by submitting agency affidavits, declarations, or other evidence showing that the records in

26  question either were produced or are exempt from disclosure, provided that "they contain

27  reasonable specificity of detail rather than merely conclusory statements." *Judicial Watch, Inc. v.*

28  *U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013) (quoting *Consumer Fed'n of Am. v. Dep't*

*of Agric.*, 455 F.3d 283, 387 (D.C. Cir. 2006)) (internal quotation marks omitted). A district court must accord "substantial weight" to an agency's affidavits, "provided the justifications for nondisclosure 'are not controverted by contrary evidence in the record or by evidence of [the agency's] bad faith.'" *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996) (quoting *Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992)); *see also Chamberlain v. U.S. Dep't of Just.*, 957 F. Supp. 292, 294 (D.D.C. 1997) ("Agency affidavits enjoy a presumption of good faith that withstands purely speculative claims about the existence and discoverability of other documents.").

**Discussion**

Defendants' argument for mootness relies on a tenuous distinction between plaintiff's two claims. They contend that plaintiff's first claim challenges the sufficiency of ICE's 2013 disclosures, while his second claim is limited to defendants' alleged failure to respond to his 2020 request within the applicable time limits. *See* ECF No. 45-1. In particular, they argue that their 2021 production of portions of a manual titled "Homeland Security Investigations Search and Seizure Handbook," dated to 2012, moots plaintiff's first claim because that claim focused on their failure to provide relevant training manuals. *Id.* at 6 (citing ECF No. 26 at 55 (alleging that defendants improperly withheld "training and field manuals because those manuals will reveal how Defendants train their agents to perform home searches")). As for plaintiff's second claim, they argue that the sufficiency of their 2021 document production could not be at issue because plaintiff filed his first amended complaint before any such disclosures were provided. *Id.* at 7. On these bases, they argue that plaintiff's claims are moot and that plaintiff must amend his complaint if he wishes to contest the sufficiency of their response. ECF No. 45-1 at 7 (citing *Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993) ("[D]ismissing case as moot because only issue in case was 'tardiness' of agency response, which was made moot by agency disclosure determination.")).[1]

---

[1] In their reply brief, defendants' argument appears to evolve, shifting away from this tenuous distinction and advancing the argument that the sufficiency of their document production is not at issue in either claim. *See* ECF No. 54 at 5 ("The only claim at issue in Plaintiff's amended complaint is whether ICE has responded to Plaintiff's FOIA request. A *Vaughn* index is unnecessary to resolve such a claim.").

Defendants cite no Ninth Circuit authority—and I am aware of none—adopting the logic of *Voinche*. The D.C. Circuit squarely addressed and rejected a similar argument in *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180 (D.C. Cir. 2013). In that case, the plaintiff filed suit after the defendant FEC acknowledged receipt of a request and then failed, for two months, to provide any documents or additional correspondence. *Id.* at 183. The FEC subsequently produced documents and, "on the same day that it produced its final round of responsive documents . . . [, moved] to dismiss [plaintiff's] complaint, or, in the alternative, for summary judgment," on the basis that the plaintiff's "challenge to the agency's delay in responding to a FOIA request was moot . . . ." *Id.* The court held that the case was not moot because the plaintiff's "complaint not only asserted that the FEC failed to respond to [plaintiff's] request in a timely fashion, but also raised a substantive challenge to the agency's withholding of responsive, non-exempt records." *Id.* at 184. Ninth Circuit authority is consistent with this logic, requiring defendants to demonstrate "the production of *all* nonexempt material" in order to prevail on a mootness argument, even in cases in which a FOIA defendant initially failed to respond. *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) (emphasis added); *Yonemoto*, 686 F.3d at 689 (explaining that "[a] FOIA claim is not moot, for example, if the agency produces what it maintains is all the responsive documents, but the plaintiff challenges 'whether the [agency's] search for records was adequate'" and emphasizing that "the agency's production must give the plaintiff everything to which he is entitled") (quoting *Nw. Univ. v. Dep't of Agric.*, 403 F. Supp. 2d 83, 85-86 (D.C. Cir. 2005)).

Here, plaintiff alleges in his first amended complaint, "[w]ith respect to both record requests," that defendants "failed to conduct a proper search for the responsive records" and "[f]ailed to disclose to Plaintiff all responsive, non-exempt records." ECF No. 26 at 55, 61. In his opposition and cross motion for summary judgment, he maintains that defendants' disclosures fail adequately to demonstrate that they provided all responsive and non-exempt documents. ECF Nos. 50-1 & 51. Thus, plaintiff has brought a "substantive challenge" to ICE's withholding of records, and his claims are not moot simply because defendants produced some—but not

1  necessarily all—records to which plaintiff is entitled.

2  The question remains whether defendants' submissions are in fact sufficient to show that
3  they have produced all responsive and non-exempt material.  This question is best broken into
4  two parts: first, whether defendants conducted an adequate search; and second, whether "an
5  exemption properly applies to the records [defendants] seek[] to withhold." *Hamdan v. U.S.*
6  *Dep't of Just.*, 797 F.3d 759, 772 (9th Cir. 2015).

7  As to the first question, defendants provide a declaration from ICE FOIA Director Piniero
8  that details the personnel involved and search methods employed.  ECF No. 45-3.  Plaintiff does
9  not identify any insufficiency in these search methods or argue that they failed to uncover any
10 particular responsive documents.  *See* ECF No. 50-1 at 6-7 (acknowledging without rebuttal
11 defendants' claim that "ICE conducted an adequate search").  Even if he had challenged
12 defendants' search methods, defendants' attestations are sufficient to show that ICE "conducted a
13 search reasonably calculated to uncover all relevant documents." *Hamdan*, 797 F.3d at 770
14 (internal marks and citations omitted); *cf. Chamberlain*, 957 F. Supp. at 294 ("Agency affidavits
15 enjoy a presumption of good faith that withstands purely speculative claims about the existence
16 and discoverability of other documents.").

17 However, defendants' submissions do not adequately justify the apparent withholding of
18 documents and redactions to the documents provided.  "FOIA's strong presumption in favor of
19 disclosure places the burden on the government to show that an exemption properly applies to the
20 records it seeks to withhold." *Hamdan*, 797 F.3d at 772.  FOIA further requires the government
21 to show that any "reasonably segregable portion of a record shall be provided to any person
22 requesting such record after deletion of the portions which are exempt under this subsection."  5
23 U.S.C. § 552(b).  Defendants attest that they produced 1,337 of the 4,730 documents initially
24 uncovered in their search.  ECF No. 45-3 at 14.  They provide almost no explanation of their
25 decision to withhold more than 3,000 potentially responsive documents.  There is no indication
26 whether these documents were withheld because they were not responsive or because they were
27 exempt.  Indeed, defendants do not attest that they provided all responsive, non-exempt records.
28 Instead, they provide a conclusory attestation regarding their compliance with FOIA's

7

1  segregability provision: "*With respect to the records that were released*, all information not
2  exempted from disclosure pursuant to the FOIA exemptions specified above was correctly
3  segregated and nonexempt portions were released." *Id.* (emphasis added).

4  But this claim is similarly unsubstantiated. Plaintiff contends that the records he received
5  were extensively redacted without substantial explanation. ECF No. 51 at 5. In "6 of their 7
6  production letters," defendants pointed to FOIA Exemption 7(E) and stated, "disclosure of certain
7  law enforcement sensitive information contained within the responsive records could be expected
8  to risk circumvention of the law."[2] ECF No. 50-1 at 7. They do not specify whether this
9  statement refers to withheld or redacted documents. An excerpt of a 2012 search and seizure
10 handbook, included with defendants' motion, shows that several sections were redacted with the
11 notation "(b)(7)(E)"—including information falling under seemingly mundane headings like
12 "Procedures for Inventory Searches." *See* ECF No. 45-6 at 27.

13 Defendants argue that these conclusory recitations satisfy their burden because
14 "[e]xemption 7(E) 'sets a relatively low bar for the agency to justify withholding.'" ECF No. 54
15 at 4 (quoting *Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011)). But exemption 7(E) is not a
16 blank check for evading FOIA obligations. At a minimum, as defendants acknowledge, the
17 agency must "'demonstrate logically how the release of the requested information might create a
18 risk of circumvention of the law.'" *Id.* (quoting *Blackwell*, 646 F.3d at 42). Defendants argue in
19 their reply—but nowhere attest—that "[t]he documents withheld are portions of the current
20 training materials used by ICE to train its law enforcement officers on how to conduct Fourth
21 Amendment searches and seizures." *Id.* (citing, *e.g.*, ECF No. 45-6). This is insufficient. Courts
22 in the Ninth Circuit have repeatedly identified limits on the application of exemption 7(E) to
23 training and policy manuals related to searches, seizures, and surveillance. *See, e.g.*, *Rosenfeld v.*
24 *U.S. Dep't of Just.*, 57 F.3d 803, 815 (9th Cir. 1995) (holding that exemption 7(E) "only exempts

---

[2] 5 U.S.C. § 552(b)(7)(E) exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."

investigative techniques not generally known to the public"); *ACLU of N. Cal. v. U.S. Dep't of Just.*, 880 F.3d 473, 491 (9th Cir. 2018) (rejecting application of exemption 7(E) to FBI manual on surveillance techniques that described investigative techniques known to public generally); *ACLU Foundation v. U.S. Dep't of Just.*, 418 F. Supp. 3d 466, 480 (N.D. Cal. 2019) (rejecting the FBI's reliance on 7(E) because "disclosure of social media surveillance—a well-known general technique—would not reveal the specific means of surveillance").

Defendants' conclusory references to exemption 7(E) do not enable plaintiff or this court to assess the propriety of their withholding. To remedy this deficiency, plaintiff asks that defendants be ordered to provide a *Vaughn* index. ECF No. 50-1. A *Vaughn* index is a list "identifying the documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption." *Wiener v. Fed. Bureau of Investigation*, 943 F.2d 972, 977 (9th Cir. 1991). "The purpose of the index is to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *Id*. (internal quotation and citation omitted). Other than their argument that exemption 7(E) applies, defendants' lone objection to this request is that it is unnecessary because "[t]he only claim at issue in Plaintiff's amended complaint is whether ICE has responded to Plaintiff's FOIA request." ECF No. 54 at 5. For the reasons above, this argument lacks merit.

At this time, in the absence of a *Vaughn* index, the court is unable to resolve the parties' motions for summary judgment. Accordingly, I will recommend that the parties' motions be denied without prejudice to renewal upon the production of a *Vaughn* index and that, within 60 days of the date of any order adopting these findings and recommendations, defendants be ordered to produce a *Vaughn* index.[3]

Accordingly, it is hereby RECOMMENDED that:

1. defendants' motion to dismiss, or in the alternative, for summary judgment, ECF No. 45, be denied without prejudice;

---

[3] Plaintiff's request for fees and costs should be denied as premature.

2. plaintiff's motion for summary judgment, ECF No. 50, be denied without prejudice; and

3. defendants be ordered to produce a *Vaughn* index within 60 days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   July 31, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

10